UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:21-CR-315 SRC |
| DEMOND WILLIAMS, | ) ) |
| Defendant. | ) ) ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant DEMOND WILLIAMS, represented by defense counsel Greg Smith, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count Two of the charge, the Government agrees to move for the dismissal as to the defendant of Counts One and Three at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's use of coercion and force to entice minor victim U.P. and

1

victim D.B. between December 2, 2020 and December 16, 2020, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

**Possibility of Enhanced Criminal Status:** In certain situations, defendant may be subject to a mandatory minimum sentence and a maximum sentence greater than described above. Below are some of the provisions that have increased sentences for certain prior convictions:

| | |
|---|---|
| Production of Child Pornography<br>18 U.S.C. § 2251(e) | a. One prior conviction: 25 years to 50 years<br>b. Two or more prior convictions: 35 years to life. |
| Distribution, Transportation or Receipt of Child Pornography<br>18 U.S.C. §§ 2252(b)(1) and 2252A(b)(1) | One or more prior convictions: 15 years to 40 years |
| Possession or Access with the Intent to View Child Pornography<br><br>18 U.S.C. §§ 2252(b)(2) and 2252A(b)(2) | One or more prior convictions: 10 years to 20 years |
| Travel with intent to engage in illicit sexual conduct; and<br>Engaging in illicit sexual conduct in foreign places<br>18 U.S.C. § 2426(a) | One or more prior convictions: Up to 90 years |

| For offenses under 1591 (relating to sex trafficking of children), 2241 (relating to aggravated sexual abuse), 2242 (relating to sexual abuse), 2244(a)(1) (relating to abusive sexual contact), 2245 (relating to sexual abuse resulting in death), 2251 (relating to sexual exploitation of children), 2251A (relating to selling or buying children), 2422(b) (relating to coercion or enticement of a minor into prostitution) (unless 3559(e)(3) applies) or 2423(a) relating to transportation of minors) (unless 3559(e)(3) applies). 18 U.S.C. § 3559(e) | If convicted of one of these offenses in which a minor is the victim and the person has a prior sex conviction in which a minor is a victim, the term of imprisonment is life, unless a sentence of death is imposed. |
|---|---|

The defendant is pleading guilty with full knowledge of these, as well as other possibilities, has discussed the possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines that the defendant is subject to different minimum or maximum sentences than described herein.

**3. ELEMENTS:**

As to Count Two, the defendant admits to knowingly violating Title 18, United States Code, Section 2422(b), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1) The Defendant knowingly used a computer or an interactive computer service to persuade, entice or coerce an individual under the age of eighteen (18) years of age to engage in prostitution;

(2) The Defendant believed that such individual was less than eighteen (18) years of age; and

(3) Based on the sexual activity that occurred, the defendant could have been charged with a criminal offense under the laws of the United States or the State of Missouri.

3

4. <u>FACTS</u>:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

In or about December 2020, minor victim U.P. met victim D.B. online. U.P. stated that she was in the 7th grade and looking for friends. D.B. befriended U.P. through online conversation which led to D.B. and Defendant Demond Williams ("he"), picking up U.P. from her home in the Saint Louis area. After approximately, three days, U.P. expressed her desire to return home. Defendant and D.B. convinced U.P. not to leave. During the two weeks that U.P. was with the defendant, he interacted with U.P. daily. Through conversation with U.P., physical observation of U.P., sexual intercourse with U.P., and communications with D.B., the Defendant was well aware that U.P. had not reached the age of 18.

While with the Defendant and D.B., U.P. was given drugs and NyQuil drink to keep her inebriated while U.P. was forced to engaged in commercial sex acts. Over the course of approximately two weeks, U.P. engaged in forced commercial sex acts with over ten males, in addition to sex acts with the Defendant. All commercial sex acts for U.P. were arranged through D.B. or the Defendant through an online application. All money received from U.P.'s performance of commercial sex acts went to D.B or the Defendant. On or about December 16, 2020, while at a beauty supply store within the Saint Louis area, U.P. met a female inside the store who ultimately returned minor victim U.P. to her home.

4

## 5. STATUTORY PENALTIES:.

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment not less than 10 years or up to LIFE, a fine of not more than $250,000, or both such imprisonment and fine. The Court may also impose a period of supervised release of not less than five years or up to LIFE. The defendant fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of at least 10 years.

## 6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

a. **Chapter 2 Offense Conduct:**

**(1) Base Offense Level:** The parties agree that the base offense level is **twenty eight (28)** as found in Section 2G1.3(a)(3).

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(1) Because the offense involved the use of a computer or an interactive computer service to entice or solicit a person to engage in prohibited sexual conduct with a minor, the base level offense increases by **two (2) levels.**

(2) Because the offense involved the commission of a sex act or sexual contact, the base offense level increases by **two (2) levels.**

5

b. **Chapter 3 Adjustments:**

(1) **Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

c. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is **twenty nine (29).**

d. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

e. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

a. **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1) **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2) **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

b. **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c. **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records

7

pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

    a. **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.  These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

    d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the

defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under –

(1) Chapter 77 (relating to peonage, slavery, and trafficking in persons, including, but not limited to, 18 U.S.C. § 1591 (Sex trafficking of children by force, fraud, or coercion));

(2) Chapter 109A (relating to sexual abuse);

(3) Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography) and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography));

(4) Chapter 117 (relating to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. § 2422(b) (enticement of a child) and 18 U.S.C. § 2423 (transportation of minors)); or

(5) Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324) (relating to human smuggling), unless the person induced, assisted, abetted or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of the law.

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

e. **Possibility of Detention**: The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

9

   **f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

   **g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon [his/her] interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

  **9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to

10

suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant understands that, by pleading guilty, the defendant will be subject to federal and state sex offender registration requirements and that those requirements may apply for life. The defendant understands that the defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes in name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person said sex offender registration information. The defendant understands that the defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in Missouri following release from prison, the defendant will be subject to the registration

11

requirements of Missouri state law. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

The defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

| | |
|---|---|
| 1/5/2022 | /s/ Dianna R. Collins |
| Date | DIANNA R. COLLINS<br>Assistant United States Attorney |

1-5-22
Date

*[signature]*
DEMOND WILLIAMS
Defendant

1/5/22
Date

*[signature]*
GREGORY SMITH
Attorney for Defendant

14